ATTORNEY GENERAL OF TEXAS

GREG ABBOTT

May 30, 2012

The Honorable Kevin P. Eltife
Chair, Committee on Administration
Texas State Senate
Post Office Box 12068
Austin, Texas 78711-2068

Opinion No. GA-0943

Re: Whether, in determining the market value of a residence homestead, a chief appraiser is required to consider the value of previously sold foreclosed residential property (RQ-1029-GA)

Dear Senator Eltife:

You ask whether chief appraisers, in determining the market value of a residence homestead for ad valorem tax purposes, are "required to take into consideration the value of other residential property that was sold at a foreclosure sale conducted in any of the three years preceding the tax year in which the residence homestead is being appraised and meets the other requirements of Section 23.01(c)(1)."[1]

Article VIII, section 1(b) of the Texas Constitution provides that "[a]ll real property and tangible property in this State . . . shall be taxed in proportion to its value, which shall be ascertained as provided by law." TEX. CONST. art. VIII, § 1(b). Generally, the Legislature requires an appraisal district to appraise all taxable property in the district "at its market value as of January 1." TEX. TAX CODE ANN. § 23.01(a) (West Supp. 2011). "Market value" is defined as

> the price at which a property would transfer for cash or its equivalent under prevailing market conditions if:
>
> (A) exposed for sale in the open market with a reasonable time for the seller to find a purchaser;
>
> (B) both the seller and the purchaser know of all the uses and purposes to which the property is adapted and for which it is capable of being used and of the enforceable restrictions on its use; and

---

[1]See Letter from Honorable Kevin P. Eltife, Chair, Senate Comm. on Admin., to Honorable Greg Abbott, Tex. Att'y Gen. at 1 (Dec. 13, 2011), http://www.texasattorneygeneral.gov/opin ("Request Letter").

>           (C)   both the seller and purchaser seek to maximize their
> gains and neither is in a position to take advantage of the exigencies
> of the other.

*Id*. § 1.04(7) (West 2008).  The Legislature has further instructed that "[t]he market value of property shall be determined by the application of generally accepted appraisal methods and techniques." *Id*. § 23.01(b) (West Supp. 2011).  Furthermore, "each property shall be appraised based upon the individual characteristics that affect the property's market value, and all available evidence that is specific to the value of the property shall be taken into account in determining the property's market value." *Id*.

Relevant to your request, the Legislature amended Tax Code section 23.01 in 2009 to add subsection (c).[2]  That subsection states:

> Notwithstanding Section 1.04(7)(C), in determining the market value of a residence homestead, the chief appraiser may not exclude from consideration the value of other residential property that is in the same neighborhood as the residence homestead being appraised and would otherwise be considered in appraising the residence homestead because the other residential property:
>
>           (1)   was sold at a foreclosure sale conducted in any of the three years preceding the tax year in which the residence homestead is being appraised and was comparable at the time of sale based on relevant characteristics with other residence homesteads in the same neighborhood; or
>
>           (2)   has a market value that has declined because of a declining economy.

*Id*. § 23.01(c).  The Texas Supreme Court has held that the primary objective when construing a statute is to ascertain and give effect to the Legislature's intent.  *TGS-NOPEC Geophysical Co. v. Combs*, 340 S.W.3d 432, 439 (Tex. 2011).  If a statute is unambiguous, we adopt the interpretation supported by its plain meaning unless such an interpretation would lead to absurd results.  *Id*.  Your request letter explains that appraisers have historically refused to consider neighboring foreclosed properties when appraising a residence homestead because foreclosure sales do not represent the "willful and arm's length transaction requirement in Section 1.04(7)(C), Tax Code."  Request Letter at 3.  By enacting subsection 23.01(c), however, the Legislature plainly mandated that, notwithstanding section 1.04(7)(C), chief appraisers must consider "the value of other residential property that is in the same neighborhood as the residence homestead being appraised . . . [and that]

---

[2]Act of May 26, 2009, 81st Leg., R.S., ch. 619, § 1, 2009 Tex. Gen. Laws 1404, 1404–05 (codified at TEX. TAX CODE ANN. § 23.01(c) (West Supp. 2011)).

was sold at a foreclosure sale," as long as the other statutory appraisal requirements are met. TEX. TAX CODE ANN. § 23.01(c)(1) (West Supp. 2011). Thus, when appraising a property, a chief appraiser may not exclude from consideration the value of neighboring properties simply because they were subject to a foreclosure sale.

## S U M M A R Y

Pursuant to Tax Code section 23.01(c), a chief appraiser, in appraising a residence homestead, may not exclude from consideration the value of neighboring properties simply because they were subject to a foreclosure sale.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

JAMES D. BLACKLOCK
Deputy Attorney General for Legal Counsel

JASON BOATRIGHT
Chair, Opinion Committee

Virginia K. Hoelscher
Assistant Attorney General, Opinion Committee